UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br><br><br>DS FORDHAM LANDING 2 LLC,<br>DS FORDHAM LANDING 4 LLC<br>MDBZJGGS LLC,<br><br><br>Debtors. | Debtors' Bankruptcy Cases Are Pending Before the United States Bankruptcy Court For The Southern District New York As Case Nos. 26-bk-22262-SHL<br>26-bk-22263-SHL<br>26-bk-22264-SHL |
| MDBZJGGS, LLC, DS FORDHAM LANDING 2 LLC, DS FORDHAM LANDING 4 LLC, and GARY SEGAL,<br><br>Third-Party Plaintiffs,<br><br>against<br><br>SIG CRE 2023 VENTURE LLC,<br><br>Third-Party Defendant. | 7:26-cv-3370 |

**NOTICE OF REMOVAL UNDER 28 U.S.C. § 1452(a) AND
FEDERAL RULE OF BANKRUPTCY PROCEDURE 9027**

**PLEASE TAKE NOTICE THAT**, pursuant to 28 U.S.C. §§ 1452(a), and Federal Rule

of Bankruptcy Procedure ("Bankruptcy Rule") 9027(a)(2), Third-Party Defendant SIG CRE 2023

Venture LLC ("SIG") hereby removes to the United States District Court for the Southern District

of New York the cause of action for aiding and abetting a breach of fiduciary duty (the "Removed

Claim") asserted against it by third party plaintiffs MDBZJGGS, LLC, DS Fordham Landing 2

LLC, DS Fordham Landing 4 LLC (collectively, the "Bankruptcy Third Party Plaintiffs"), and

Gary Segal (collectively, with the Bankruptcy Third Party Plaintiffs, hereafter referred to as the

"Third Party Plaintiffs") in the action pending before the Supreme Court of the State of New York,

County of New York, Index No. 850030/2025 (the "State Court Action"). The Bankruptcy Third Party Plaintiffs are debtors Chapter 11 bankruptcy cases - (the "Bankruptcy Cases"), which are pending before the Honorable Sean H. Lane of the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), as Case Numbers 26-bk-22262, 26-bk-22263 and 26-bk-22264.

Unlike removal under 28 U.S.C. § 1441, a party invoking removal under 28 U.S.C. § 1452(a), may remove only some, but not all, of the claims and causes of action asserted in a pending action.  Accordingly, SIG is only removing the Removed Claim, which is the only cause of action asserted against it in the State Court Action.

Upon removal, and pursuant to this Court's Amended Standing Order Of Reference, dated January 31, 2012 (Order M-431), this Court should refer the Removed Claim to the Bankruptcy Court, where it should be assigned to Bankruptcy Judge Lane who is presiding over the Bankruptcy Case.

**JURISDICTION AND ENTITLEMENT TO REMOVAL**

1.      Pursuant to 28 U.S.C. § 1452(a), a party "may remove any claim or cause of action in a civil action … to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of [Title 28]." 28 U.S.C. § 1334(b) in turn confers subject matter jurisdiction to the federal district courts over "all civil proceedings arising under title 11, or arising in or related to cases under title 11."

2.      The test in the Second Circuit for determining whether a claim or cause of action is "related to" a case under title 11, and supports jurisdiction under 28 U.S.C. § 1334, is whether the outcome of the case could have a "conceivable effect" on the debtors' bankruptcy cases. *In re Cuyahoga Equipment Corp.*, 980 F.2d 110 (1992) ("The test for determining whether litigation

2

has a significant connection with a pending bankruptcy proceeding is whether its outcome might have any 'conceivable effect' on the bankrupt estate. If that question is answered affirmatively, the litigation falls within the 'related to' jurisdiction of the bankruptcy court.")

3. In the instant case, the Bankruptcy Third Party Plaintiffs seek money damages against SIG on the Removed Claim in the amount of $300 million. Thus, a determination of the Removed Claim clearly would have a "conceivable effect" on the Third Party Plaintiffs' Bankruptcy Cases within the meaning of 28 U.S.C. §1334. *See, e.g., Cellotex Corp v. Edwards*, 514 U.S. 305, 308, 115 S. Ct. 1493, 1498 fn. 5 (1995) ("Proceedings 'related to' the bankruptcy include (1) causes of action owned by the debtor which become property of the estate pursuant to 11 U.S.C. § 541")

## FACTS SUPPORTING REMOVAL

4. Removal of the Removed Claim under 28 U.S.C. § 1452(a) and Bankruptcy Rule 9027 is based upon the facts set forth below.

5. The State Court Action is a mortgage foreclosure action and breach of guaranty action originally commenced by SIG against, *inter alia*, the Bankruptcy Third Party Plaintiffs, and Gary Segal.

6. On or about February 28, 2025, SIG sold and assigned its interest in the mortgage notes and mortgages at issue in the State Court Action to Fordham Landing North Holdings LLC ("Fordham Landing North Holdings"). As a result thereof, a motion (the "Substitution Motion") was filed in the State Court Action substituting Fordham Landing North Holding as plaintiff in the place of SIG.

7. By order dated May 23, 2025 (the "Substitution Order"), the State Court granted the Substitution Motion over the objection of certain of the defendants in the State Court Action,

3

including the Bankruptcy Third Party Plaintiffs.  As a result of the Substitution Order, SIG was no longer a party to the State Court action.

8.      On May 29, 2025, the Third Party Plaintiffs brought SIG back into the State Court Action by filing a third party/cross claim against it pursuant to a Third Party Complaint (the "Third Party Complaint").  The Third Party Complaint asserts a single cause of action against SIG for allegedly aiding and abetting a breach of fiduciary duty by selling the mortgage and mortgage note to Fordham Landing North Holding LLC.  The Third Party Complaint seeks money damages against SIG in the amount of $300 million plus punitive damages and attorneys' fees.

9.      On March 16, 2026, each of the Bankruptcy Third Party Plaintiffs filed a voluntary Chapter 11 bankruptcy petition with the Bankruptcy Court, where their Bankruptcy Cases are currently assigned to the Honorable Sean H. Lane.

10.     Since the Removed Claim is a claim being asserted by the Bankruptcy Third Party Plaintiffs seeking money damages, it is not subject to the automatic stay of Bankruptcy Code § 362.  *See*, *e.g.*, *In Hudson Bay Master Fund Ltd. v. Patriot National, Inc.*, 309 F.Supp.3d 100 (2018) ("[t]he automatic stay provision of 11 U.S.C. § 362 by its terms only stays proceedings against the debtor, and does not address actions brought by the debtor which would inure to the benefit of the bankruptcy estate," and therefore "the stay does not apply to a debtor's 'third-party complaint, cross-claims,' or as here, its 'counterclaims.'") (internal citations omitted); *Verragio, Ltd. v. AE Jewelers, Inc.*, 2017 WL 1753478 (N.Y.S.D. 2017) ("[T]he automatic stay provision of Section 362 'by its terms only stays proceedings against the debtor,' and 'does not address actions brought by the debtor which would inure to the benefit of the bankruptcy estate.' Accordingly, 'within one case, actions against a debtor will be suspended even though closely related claims

4

asserted by the debtor may continue.' Thus, "[T]he stay does not apply to [a debtor's] third-party complaint, cross-claims, or counterclaims)". (internal citations omitted).

### CORE/NON-CORE PROCEEDING/ CONSENT TO JURISDICTION

11.     SIG believes that the Removed Claim is a non-core proceeding under 28 U.S.C. § 157.

12.     To the extent the Removed Claim is referred to the Bankruptcy Court, SIG consents to entry of a final order and judgment of the Bankruptcy Court on the Removed Claim.

### TIMELINESS OF REMOVAL

13.     A claim or cause of action, and pre-petition by the Debtor is removable to this court within "90 days after the order for relief in this case under the Code" pursuant to Bankruptcy Rule § 9027(a)(2). Pursuant to 11 U.S.C. §§ 1511(a)(2) and 301(b), the Order for relief in the Bankruptcy Case was entered on March 16, 2026. The instant notice of removal was filed on April 23, 2026. Accordingly, removal is timely.

### THE REMAINING REQUIREMENTS FOR REMOVAL

14.     Pursuant to 28 U.S.C. § 1446(a) and Bankruptcy Rule 9027(a), SIG has attached as Exhibit A to this notice of removal, copies of all process, pleadings, and orders that have been filed in the State Court Action related to the Removed Claim.

15.     SIG is notifying all parties of record and the clerk of the State Court Action of the removal of the Removed Claim. A copy of this Notice of Removal is being served on counsel the Third Party Plaintiffs in the State Court Action, as well as counsel for the other parties in the State Court Action, and upon bankruptcy counsel for the Bankruptcy Third Party Plaintiffs and is being filed with the State Court as required by 28 U.S.C. § 1446(d).

5

536585718

16.     SIG reserves the right to amend or supplement this Notice of Removal or to present

additional arguments in support of its entitlement to remove the Removed Claim.

Dated: April 23, 2026
          New York, New York

HOLLAND & KNIGHT LLP

By: /s/ Bruce J. Zabarauskas
          Bruce J. Zabarauskas
787 Seventh Avenue
New York, New York 10019
(212) 513-3200
bruce.zabarauskas@hklaw.com
*Attorneys for SIG CRE 2023 Venture LLC*

536585718